**COLUMBUS COMPANY, Ltd., Claimant of THE M/V SONIA II, Appellant,**

v.

**David SHORE, Appellee.**

**No. 18063.**

United States Court of Appeals
Fifth Circuit.

March 24, 1960.

———◆———

Richard B. Adams, Brown, Dean, Adams & Fischer, Miami, Fla., for appellant.

Cromwell A. Anderson, Miami, Fla., Smathers, Thompson & Dyer, Miami, Fla., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a decree in admiralty entered on findings of fact and conclusions of law in favor of libelant for damage to a cargo of bananas. These are the facts, stated, as they must be, most favorably for appellee and as they were in substance found by the court:

Respondent's agent, Carl Sawyer, entered into an oral charter of the "Sonia II" with libelant for the transportation of a cargo of bananas which libelant was purchasing from the Haitian government. The "Sonia II" was equipped with refrigeration machinery and it was understood that the bananas were to be carried under refrigeration. This refrigeration equipment consisted of a main compressor, of approximately twenty-five tons capacity and an auxiliary compressor with a capacity of eight tons. By itself, the auxiliary compressor was not capable of cooling freshly loaded bananas in the "Sonia II's" holds to the necessary fifty-six to fifty-eight degrees nor was it even capable of maintaining a temperature below sixty degrees during the voyage. The vessel could not be operated as a refrigerated banana vessel with only the auxiliary unit in working order.

In accordance with the charter, the "Sonia II" departed from Nassau on August 16, 1956, and arrived at its first port of call in Haiti on August 19, 1956. During the loading operation, which required three days in five Haitian ports, the main refrigeration compressor broke down and remained disabled for the balance of the voyage to Miami. There is no testimony in the record that the refrigerating machinery was in "good operating order" prior to the commencement of loading, although a switch on the main compressor had been replaced more than two months prior to this voyage at a cost of sixteen dollars and the compressor was operated at that time.

The "Sonia II's" captain receipted for the bananas in apparent good order and condition on the bills of lading and there is no testimony in the record that they were in any condition other than fit for shipment. Upon arrival in Miami, libelant met the ship at the dock and inquired as to the condition of the fruit. The captain reported that it was all right as far as he was concerned but when discharge commenced, the bananas were found to be ripe, heated and cooked, with their pulp temperatures ranging from eighty to ninety degrees. Bananas maintained within those temperatures for a period of twenty-four hours can be expected to be "cooked".

Examinations of the main refrigeration compressor and its related equipment shortly thereafter revealed that the electric motor, sometimes called the generator, which was the source of power for the main compressor was disabled because of a worn condition of the armature. This condition could have been detected for some time prior to the breakdown by means of "mega readings" and there was testimony that this condition had existed over a period of time and could not have happened suddenly and without warning.

The damaged bananas which could be salvaged were sold for various prices, bringing a total of $3,557.07 for the libelant. The court found that if the bananas had been received in good condition they could reasonably have been expected to bring $9,924.34 and it fixed libelant's damages at $6,367.27 and entered final judgment for him in that amount.

Appellant, taking the position below it takes here, that the libelant had not borne his burden, argued in effect that all that libelant's evidence had shown was that the bill of lading contained a recital of receipt in good order and condition and that due to the nature of the cargo, this was not sufficient.

It is not necessary to determine whether, if this were all the evidence, the judgment for libelant was warranted, for this was by no means all the evidence. On the contrary, as shown in the record and found by the court, there was ample evidence of unseaworthiness and negligence.

The district judge, stating that the receipt of the cargo of bananas in good order and condition raises a prima facie case as to the condition of the cargo at time of shipment, and that respondent in this case has produced no evidence in rebuttal, went on to state the evidence establishing the break-down of the refrigeration and the negligent failure to carry safely.

The judgment was right and it is affirmed.